IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
    )
         Plaintiff,    )
    )
v.    )    Case No.  02-CR-0103-002-CVE
    )    (05-CV-0707-CVE-FHM)
LEROY EARNEST RAYNOR,    )
    )
         Defendant.    )

## OPINION AND ORDER

Now before the Court are the following motions: defendant's Motion for Leave to File Amended Motion Pursuant to 28 U.S.C. § 2255 (Dkt. # 115); defendant's Motion under 28 U.S.C. § 2250 for Documents Needed for Amended Motion under Habeas Corpus 28 U.S.C. § 2255 (Dkt. # 116); defendant's Application to Proceed without Full Prepayment of Fees (Dkt. # 117); and plaintiff's Motion to Dismiss and Brief in Support (Dkt. # 124).

Defendant requests permission to proceed without prepayment of fees and costs during the pendency of this action, and he has submitted an affidavit in support of his motion to proceed in forma pauperis. At the time defendant filed his motion, he had $0.81 in his prison bank account and he listed no other sources of income. In reliance upon the representations and information set forth in the motion for leave to proceed in forma pauperis and supporting affidavit (Dkt. # 117) filed herein by defendant, his motion is granted. Defendant is permitted to file and maintain this action to conclusion without prepayment of fees and costs.

Defendant claims that his § 2255 motion is simply a "placeholder" motion, and he requests leave of court to file an amended § 2255 motion.  He states that he did not have sufficient time to conduct a factual and legal investigation before filing his motion, and he needs to file an amended motion to clarify his habeas claims.  Under Tenth Circuit precedent,

> an . . . amendment to a § 2255 motion "which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not  seek to add a new claim or to insert a new theory into the case."

United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000) (quoting United States v. Thomas, 221 F.3d 430, 431 (3d Cir. 2000)).  In the context of § 2255 motion, a placeholder motion has been described as a "skeletal document [filed] to satisfy the period of limitations, with the plan of filing a real petition later."  Wyche v. United States, 317 F. Supp. 2d 1, 4 (D.D.C. 2004) (quoting Ellzey v. United States, 324 F.3d 521, 523 (7th Cir. 2003)).  The district court has the discretion to permit a habeas petitioner to file an amended habeas petition, as long as the amendments are "strictly limited in scope and substance" to the claims raised in the original petition.  Vega-Figueroa v. United States, 206 F.R.D. 524, 525 (D.P.R. April 4, 2002).

In this case, the motion to amend was filed within the one-year statute of limitations under 28 U.S.C. § 2255 and defendant does not seek permission to amend his petition to include new claims.  See Dkt. # 111, at 1 n.1.  The Court will grant his motion to amend, but he must not run afoul of the Tenth Circuit's holding in Espinoza-Saenz.  He will be permitted to file an amended § 2255 motion for the purpose of clarifying the three claims stated in his original motion.  If he attempts to include new claims for relief in his amended motion, the Court will treat those claims as a second or successive habeas petition, and the claims will be dismissed.  Mayle v. Felix, 545

U.S. 644 (2005).  Considering the Court's decision to grant defendant's motion to amend, the government's motion to dismiss (Dkt. # 124) based on the inadequacy of the facts stated in the original § 2255 motion is denied.

Defendant also requests a copy of the Tenth Circuit's opinion denying his direct appeal of his conviction and sentence.  He claims that he is entitled to copies of court documents at no cost pursuant to 28 U.S.C. § 2250, which provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Defendant states that his attorney will not provide him with a copy of the Tenth Circuit's opinion, and he claims that this document is necessary for the preparation of an amended § 2255 petition. The Court has granted defendant's application to proceed in forma pauperis and finds that the other requirements of section 2250 are satisfied.  United States v. Newsome, 257 F. Supp. 201 (N.D. Ga. 1966).  Therefore, the Court will grant defendant's motion, and the Court Clerk will be ordered to provide defendant a copy of the Tenth Circuit opinion (Dkt. # 107).

**IT IS THEREFORE ORDERED** that defendant's Motion for Leave to File Amended Motion Pursuant to 28 U.S.C. § 2255 (Dkt. # 115) is **granted**; defendant's Motion under 28 U.S.C. § 2250 for Documents Needed for Amended Motion under Habeas Corpus 28 U.S.C. § 2255 (Dkt. # 116) is **granted**; defendant's Application to Proceed without Full Prepayment of Fees (Dkt. # 117) is **granted**; and plaintiff's Motion to Dismiss and Brief in Support (Dkt. # 124) is **denied**.

**IT IS FURTHER ORDERED** that defendant must file his amended § 2255 motion within 30 days of the date this Order is filed, or by **April 30, 2007.**  Plaintiff is ordered to respond within 30 days after the amended § 2255 motion is filed.  Defendant may file a reply within 30 days after the filing of plaintiff's response.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to send defendant a copy of the Tenth Circuit opinion (Dkt. # 107) at no cost to the defendant.

**DATED** this 29th day of March, 2007.

_____

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT